IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN GLYNN HOOKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0022 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Nathan Glynn Hooks, proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2254 challenging his 2002 state felony conviction. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because this petition is barred by limitations, it will be dismissed.

**I.     PROCEDURAL HISTORY**

Petitioner reports that on April 19, 2002 he pleaded guilty to a state felony offense for bail jumping in Orange County, Texas, and was sentenced to eight years confinement. He did not file a direct appeal, and took no action to challenge his conviction until he filed an application for state habeas relief in 2006. According to communications with the Orange County District Clerk's Office, petitioner filed his state habeas application with the trial

court on October 6, 2006. The application was denied by the Texas Court of Criminal Appeals on December 6, 2006.

Petitioner filed the instant federal habeas petition on December 30, 2006, claiming ineffective assistance of counsel, an involuntary guilty plea, and a void cumulation order.

## II.   DISCUSSION

### A.   The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner pleaded guilty and was sentenced on April 19, 2002. His conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not seek direct review of his conviction, the AEDPA limitations commenced thirty days after sentencing on or about May 19, 2002, and expired one year later on or about May 19, 2003.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner did not file his post-conviction state habeas application until October 6, 2006, *after* expiration of the statute of limitations. The state habeas application did not toll limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D) or equitable tolling are shown. The instant petition is subject to dismissal as barred by limitations.

### III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 8th day of January, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE